**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 63**

Docket No. DE-0845-15-0148-I-1

**Sandra K. Miller,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

December 16, 2015

Christine Wolfe, Topeka, Kansas, for the appellant.

Patrick Jennings, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we DENY the appellant's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction for the reasons set forth in this Opinion and Order.

BACKGROUND

¶2      The appellant's mother received Civil Service Retirement System (CSRS) annuity payments from the Office of Personnel Management (OPM) until her death on December 29, 2011. Initial Appeal File (IAF), Tab 1 at 8. OPM asserts

that, following her death, it erroneously continued to send annuity payments totaling $2,433.40 to the appellant's mother at the assisted living center where she had resided. *Id.* According to the appellant, after her mother's death, she received a check in the amount of $2,212.97 from the assisted living center on behalf of her mother's estate. *Id.* at 7. She asserts that she returned the check with a letter indicating that she believed the check consisted partly of funds from OPM that were not the property of her mother's estate, but rather were properly due to the U.S. Department of the Treasury. *Id.* at 7, 14. The appellant later received a new check from the assisted living center in the amount of $1,215.82. *Id.* at 7; Petition for Review (PFR) File, Tab 6 at 9. The appellant cashed the check and divided the proceeds among herself and the other two heirs of her mother's estate, with the appellant receiving $607.91. IAF, Tab 1 at 7, 12-13.

¶3 OPM subsequently informed the appellant that she was overpaid $1,215.82[1] in CSRS annuity benefits and that it intended to collect the overpayment. *Id.* at 8. The appellant requested reconsideration, and on December 9, 2014, OPM issued a reconsideration decision affirming its initial decision and denying the appellant's request for a waiver of the overpayment collection. *Id.* at 8-11. OPM's reconsideration decision advised the appellant that she could either pay the full amount of $1,215.82 in one lump sum or complete the enclosed repayment agreement and repay that amount, plus 1% interest, in 48 monthly installments of $25.00 and one final installment of $15.82. *Id.* at 10.

¶4 The appellant filed the instant appeal of OPM's December 9, 2014 reconsideration decision. IAF, Tab 1. In response, OPM asserted that it was rescinding its reconsideration decision because it erroneously gave the appellant notice of Board appeal rights. IAF, Tab 10 at 4. OPM also moved to dismiss the appeal on the basis that, even absent its rescission, the Board lacks jurisdiction

---

[1] OPM asserts that it recovered $1,217.40, the remainder of the overpaid funds, through the U.S. Department of the Treasury. IAF, Tab 1 at 8.

because OPM had not issued a decision affecting the appellant's rights under the CSRS, but instead was attempting to collect an improper payment constituting a debt collectable under 5 U.S.C. title 31. *Id.* at 4-5. The administrative judge issued an initial decision finding that OPM's rescission of its reconsideration decision divested the Board of jurisdiction and therefore dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision.

¶5 The appellant filed a petition for review of the initial decision in which she asserts that the administrative judge improperly dismissed the appeal because OPM did not rescind its decision entirely, did not return her to the status quo ante, and is continuing to collect the overpayment. PFR File, Tab 1 at 5-6. The appellant further asserts that she did not receive adequate jurisdictional notice or an opportunity to respond to the agency's jurisdictional arguments. *Id.* at 7. Lastly, the appellant argues that recovery would cause her financial hardship and asserts that the Board has jurisdiction over a request that recovery of an annuity overpayment be waived even absent jurisdiction over the propriety of the overpayment itself. *Id.* at 9. OPM opposed the appellant's petition. PFR File, Tab 4 at 4.

¶6 Because the administrative judge dismissed the appeal on the basis of OPM's rescission of its reconsideration decision and the appellant did not have an opportunity to develop the record on the relevant jurisdictional issue, the Board issued a show cause order permitting the appellant an opportunity to submit evidence and argument establishing that OPM's decision to collect the alleged debt from her constitutes "an administrative action or order affecting the rights or interests of an individual or of the United States" under the CSRS. PFR File, Tab 5. In response, the appellant argues that a factual dispute over the existence and amount of the overpayments that OPM purports to collect under the authority of the CSRS affects the rights and interests of the parties and OPM's reconsideration decision constitutes an "administrative action or order" under 5 U.S.C. § 8347(d)(1). PFR File, Tab 6 at 4-5.

ANALYSIS

¶7        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving, by a preponderance of the evidence,[2] that the Board has jurisdiction over her appeal.  5 C.F.R. § 1201.56(b)(2)(i)(A).  Generally, the Board has jurisdiction over OPM's determinations affecting an appellant's rights or interests under the CSRS only after OPM has issued a reconsideration decision, and OPM's complete rescission of its reconsideration decision divests the Board of jurisdiction over the appeal.  *See, e.g.*, *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008).  However, the Board has held that, if OPM rescinds its reconsideration decision after the appellant files a Board appeal and it is apparent that OPM does not intend to issue a new decision, the Board retains jurisdiction to adjudicate the merits.  *See Triplett v. Office of Personnel Management*, 100 M.S.P.R. 571, ¶¶ 5-7 (2005).

¶8        Here, OPM has not asserted that it intends to issue a new reconsideration decision, and its claim in rescinding its reconsideration decision that this is a collection matter outside of the Board's jurisdiction suggests that it does not intend to do so.  IAF, Tab 10 at 4-5.  Therefore, we find that OPM's rescission of its reconsideration decision did not divest the Board of jurisdiction over this appeal.  However, we find that the Board nonetheless lacks jurisdiction over this appeal under 5 U.S.C. § 8347(d)(1) for the reasons set forth below.

¶9        The Board's jurisdiction concerning retirement matters involving the CSRS is defined at 5 U.S.C. § 8347(d)(1), which provides that "an administrative action

---

[2] Preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

or order affecting the rights or interests of an individual or of the United States under this subchapter [(i.e., the CSRS)] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." We find that the appellant has not established that OPM's decision to collect the debt from her constitutes "an administrative action or order affecting the rights or interests of an individual or of the United States" under the CSRS. The appellant has not identified, and we are otherwise unaware of, any right or interest she has to the funds under the CSRS. The appellant was not the annuitant or a designated survivor annuitant with obvious rights or interests under the applicable provisions. *See* 5 U.S.C. § 8331(9)-(11). The appellant also did not receive the funds either directly, as a representative of her mother's estate, or as a third party with rights under the applicable provisions. *See* 5 U.S.C. §§ 8341, 8345(e), (j). Although the appellant argues generally that "a factual dispute over the existence and amount of overpayment affects the rights and interests of the parties," she has not identified any right she has to the funds under the CSRS. PFR File, Tab 6 at 4. Because the appellant received the funds via a check payable to her mother's estate, her claim to the funds appears to derive from state probate or intestacy laws. *See Rossini v. Office of Personnel Management*, 101 M.S.P.R. 289, ¶ 11 (2006).

¶10    Similarly, OPM has offered no argument or evidence to establish that its authority to collect this debt from the appellant, or to consider the appellant's request for a waiver, is derived from the rights or interests of the United States under the CSRS. Thus, although the appellant may have incurred a debt to the Federal Government as a result of her receipt of funds from her mother's estate, there are provisions of law other than the retirement statutes that grant the head of an executive agency the right to try to collect such a debt. *See* 31 U.S.C. § 3711(a) (stating the head of an executive agency "shall try to collect a claim of the United States Government for money or property arising out of the activities of . . . the agency"); *Rossini*, 101 M.S.P.R. 289, ¶ 13. Accordingly, we find that

the Board lacks jurisdiction over the appellant's appeal of OPM's decision regarding the existence and amount of the alleged debt.

¶11   On review, the appellant argues that the Board has jurisdiction to review OPM's denial of her request for a waiver of recovery of the overpayment, even absent Board jurisdiction over OPM's decision regarding the existence and amount of the alleged debt. PFR File, Tab 6 at 6-7. Under 5 U.S.C. § 8346(b), recovery of payments erroneously made under the CSRS shall be waived "when, in the judgment of [OPM], the individual is without fault and recovery would be against equity and good conscience." The Board has jurisdiction to review OPM's final decisions on requests that recovery of annuity overpayments be waived. *See Dubin v. Office of Personnel Management*, 38 M.S.P.R. 437, 439 (1988); 5 C.F.R. § 831.1304(a)(8), (c)(2). The basis for the Board's jurisdiction to review OPM's decisions on requests for a waiver of recovery of overpayments, like the Board's jurisdiction concerning retirement matters in general, derives from an appellant's rights or interests under Federal retirement law. *See* 5 U.S.C. § 8347(d)(1); *Dubin*, 38 M.S.P.R. at 438-39; 5 C.F.R. § 1201.3(a)(2). Thus, we find that, absent a showing of any right or interest the appellant has to the annuity overpayments under the CSRS, the Board lacks jurisdiction to consider her request for a waiver of the overpayment.

¶12   Our decision is consistent with the Board's prior analysis in *Rossini*, 101 M.S.P.R. 289, ¶¶ 10-14, in which the Board questioned whether it had jurisdiction to consider an appellant's request for a waiver under similar circumstances. In *Rossini*, the appellant requested a waiver of collection of an overpayment she received as a result of annuity payments OPM erroneously made to her deceased mother's bank account following her mother's death. 101 M.S.P.R. 289, ¶¶ 2-3. In remanding the appeal for further development of the jurisdictional issue, the Board stated that it was not clear that the waiver provision in 5 U.S.C. § 8346(b) applied to the appellant, whose claim to the overpaid funds did not appear to have derived from any right or interest she had

under Federal retirement statutes, but rather from state probate or intestacy laws. *Rossini*, 101 M.S.P.R. 289, ¶¶ 12-13.  The Board also noted that, although it had previously considered a widow's request for a waiver of annuity overpayments made to her deceased husband's bank account in *Martinez v. Office of Personnel Management*, 26 M.S.P.R. 315, 316 (1985), it did so without identifying any right or interest under the CSRS that the widow may have had regarding the overpayments.   *Rossini*, 101 M.S.P.R. 289, ¶ 12.   Thus, *Martinez* is not dispositive as to the jurisdictional issue presented here, and we decline to follow its analysis.

¶13      We further find that OPM's particular collection effort in this case does not affect the appellant's rights or interests under the CSRS or otherwise provide a basis for jurisdiction.  The appellant is not receiving an annuity from OPM, and OPM is not seeking to collect the appellant's debt through an administrative offset to some other recurring payments to the appellant.  *Cf. Alexander v. Office of Personnel Management*, 114 M.S.P.R. 122, ¶¶ 7-12 (2010) (holding that the Board had the authority to adjust an OPM-set repayment schedule to collect an annuity overpayment through an administrative offset to the appellant's recurring payment of benefits from the Office of Workers' Compensation).  The appellant asserts that her only source of income is Supplemental Security Income (SSI) benefits, PFR File, Tab 6 at 6, but there is no indication in the record that OPM is seeking to offset the appellant's SSI benefits to recover the overpayment.  Thus, we find that OPM's collection effort is not a matter affecting the appellant's rights or interests under the CSRS and, as such, is outside of the Board's jurisdiction.

¶14      As the appellant argues, the Board has considered waiver requests in certain cases where the underlying overpayment errors were not reviewable by the Board; but, unlike the appellant, the individuals bringing such waiver requests were annuitants who had clear rights and interests to annuity payments under the CSRS sufficient to bring the waiver request within the Board's jurisdiction.  PFR

File, Tab 1 at 9, Tab 6 at 6-7; *see, e.g.*, *McIntosh v. Office of Personnel Management*, 104 M.S.P.R. 544, ¶¶ 2, 6-7 (2007) (finding that the Board had jurisdiction to review an annuitant's request for a waiver of overpayment resulting from errors in deducting life insurance benefits despite the fact that the Board lacked jurisdiction to review OPM's determination that it failed to withhold from the annuity the correct amount of life insurance premiums); *Miller v. Office of Personnel Management*, 99 M.S.P.R. 104, ¶¶ 12-13 (2005) (same), *aff'd*, 449 F.3d 1374 (Fed. Cir. 2006); *Mitchell v. Office of Personnel Management*, 97 M.S.P.R. 566, ¶¶ 3, 12 (2004) (same); *Lee v. Office of Personnel Management*, 32 M.S.P.R. 149, 152-54 (1987) (finding that the Board lacked jurisdiction to determine whether the annuitant was liable for health benefits costs that OPM had failed to deduct from his annuity payments, but reviewing the annuitant's entitlement to a waiver of recovery of the resulting alleged overpayment). Accordingly, we find that the Board lacks jurisdiction to consider this appeal.

## ORDER

¶15        This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.