**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RICHARD SCHWEINLER,<br>          Appellant, | DOCKET NUMBER<br>SF-0831-15-0802-I-1 |
|          v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>          Agency. | DATE: February 25, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard Schweinler, Hemet, California, pro se.

Roxann Johnson, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant is a Federal annuitant who retired under the Civil Service Retirement System (CSRS) on August 1, 2010. Initial Appeal File (IAF), Tab 1 at 4. On July 23, 2015, after the appellant reached age 62 and became eligible for social security benefits, the Office of Personnel Management (OPM) issued a final decision informing him that it had adjusted his CSRS annuity to eliminate credit for military service he performed after 1956 because he had not made a deposit into the retirement fund for that service.[2] *Id.* at 7-8.

¶3   On August 21, 2015, the appellant filed a timely Board appeal of OPM's July 23, 2015 decision. *Id.* at 2-5. In response, OPM asserted that it was rescinding its final decision due to administrative error on the part of the

___

[2] A civil service annuitant who retires after September 7, 1982, is entitled to credit for post-1956 active duty military service under both the CSRS and the social security system only if he deposits with the Civil Service Retirement and Disability Fund an amount equal to 7% of his total post-1956 military pay. 5 U.S.C. §§ 8332(j)(1), 8334(j)(1)(A); *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 10 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008); *Clements v. Office of Personnel Management*, 93 M.S.P.R. 115, ¶ 6 (2002).

appellant's former employing agency. IAF, Tab 4 at 4. OPM further asserted that it would afford the appellant an opportunity to make a belated military service deposit. *Id.* The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that OPM's rescission of its decision divested the Board of jurisdiction. IAF, Tab 5, Initial Decision.

¶4 The appellant has filed a petition for review of the initial decision in which he disputes OPM's computation of his annuity and asserts that OPM has not provided him with any information concerning the total amount of the deposit or the timeframe within which he will be required to pay it. Petition for Review (PFR) File, Tab 4 at 4-6. OPM has opposed the appellant's petition. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Pursuant to 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110, the Board has jurisdiction to hear appeals of final OPM decisions affecting an individual's rights or interests under the CSRS. *Brown v. Office of Personnel Management*, 51 M.S.P.R. 261, 263 (1991). If OPM completely rescinds its final decision, the Board no longer retains jurisdiction over the appeal. *Redmond v. Office of Personnel Management*, 106 M.S.P.R. 544, ¶ 4 (2007); *Brown*, 51 M.S.P.R. at 263. Because OPM completely rescinded its final decision, the Board no longer has jurisdiction over this appeal, and the administrative judge correctly dismissed it.

¶6 On review, the appellant indicates that he expects OPM to provide him with the information he needs to make the required deposit and expresses his concern that he will not be able to pay the deposit within the designated timeframe. PFR File, Tab 4 at 4-6. He also disputes OPM's calculation of his annuity. *Id.* Nonetheless, the appellant does not dispute that OPM rescinded its July 23, 2015 final decision, and he has provided no evidence indicating that OPM has issued a new final decision.

¶7     Nor do the facts of this case indicate that OPM intends not to issue any further decision in this matter.  To the contrary, OPM has represented that it will notify the appellant of the amount of the deposit and, in the event the appellant does not make the requisite deposit, it will issue a new final decision informing the appellant of its revised calculation of his annuity, eliminating credit for his post-1956 military service.  IAF, Tab 4 at 4; PFR File, Tab 7 at 4-5.  Therefore, we affirm the initial decision dismissing the appeal for lack of jurisdiction.  *See, e.g.*, *Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008) (finding the Board lacked jurisdiction because OPM rescinded its final decision and asserted that it would issue a new final decision); *Morin*, 107 M.S.P.R. 534, ¶ 9 (finding the Board had jurisdiction where OPM rescinded its final decision, did not express an intent to issue a new final decision, and the record reflected that if the appellant did not make a deposit OPM intended to reduce his annuity without issuing a new final decision).

¶8     If the appellant is dissatisfied with any subsequent final decision by OPM regarding his annuity, he may appeal it to the Board.  *See Tamayo v. Office of Personnel Management*, 56 M.S.P.R. 620, 622 (1993); 5 C.F.R. §§ 831.109, 831.110.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.