# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LARRY D. WILLIAMS,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
CH-3443-15-0630-R-1

DATE: July 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Larry D. Williams, West Des Moines, Iowa, pro se.

Jessica L. Lietaer, Esquire, Denver, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On June 17, 2016, the Board issued a final order in this appeal; however, due to an administrative error, the decision was served to an incorrect address for the appellant. We therefore REOPEN this case for purposes of reissuing and serving it on the appellant at his correct address of record.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2    The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R. § 1201.115).    After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶3    While working for the U.S. Postal Service (Postal Service), the appellant initiated, in August 2002, a payroll deduction of $50 per month to buy back[2] his military service time to be credited toward his Federal retirement under the Civil Service Retirement System (CSRS).  Initial Appeal File (IAF), Tab 1.  After he had made payments for 10 years, the agency informed him that the original total amount, $6,093.51, had been miscalculated and increased the total amount he had to pay by $2,905.  *Id*.  The appellant filed an appeal, alleging that he should not have to pay the increase in the total.  *Id*.  The administrative judge informed the appellant that the Board may not have jurisdiction over his appeal and ordered

---

[2] The payment process that the appellant began in 2001 is commonly called military buyback.  Military buyback refers to the process by which former active duty military members who have post-1956 years of military service not credited toward military retirement can buy that time so that it counts toward Federal retirement under the Federal Employees' Retirement System or the Civil Service Retirement System.  Initial Appeal File (IAF), Tab 6.

him to file evidence and argument to prove that the action is within the Board's jurisdiction. IAF, Tab 2 at 2. The appellant did not respond.

¶4 The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that military buyback is administered by the Office of Personnel Management (OPM). IAF, Tab 6. The agency contends that the Initial Estimated Earnings during military service appears to have come from the Defense Finance and Accounting Service through OPM and that, to the extent that the purported increase in the appellant's total payments required to buy back his military time is an action that falls within any agency's jurisdiction, the appropriate agency is OPM, not the Postal Service. *Id*. at 6.

¶5 The administrative judge agreed that the appropriate agency to address the appellant's concerns is OPM. IAF, Tab 7, Initial Decision (ID). She found that the appellant failed to show that he asked OPM to decide the correctness of the increase in the total amount due for him to buy back his post-1956 military service. ID at 2. She found that the Board generally lacks jurisdiction over an appeal of a retirement matter when OPM has not issued a final decision on the matter. *Id*. She also found that the appellant did not allege that the Postal Service subjected him to an appealable adverse action. ID at 3. Accordingly, she dismissed the appeal for lack of jurisdiction.[3] *Id*.

¶6 In his petition for review, the appellant submits, for the first time, a copy of an email that he sent to U.S. Senator Grassley's office. Petition for Review File, Tab 1. In that email, the appellant states that he disagrees with the Postal Service

---

[3] The appellant became aware of the increase in his buyback total payment on March 20, 2015, and filed his appeal on August 19, 2015, more than 30 days later. *See* 5 C.F.R. § 1201.22 (an appeal must be filed with the Board no later than 30 days after the effective date of the action being appealed). Thus, the appeal appeared to be untimely filed. The administrative judge issued an order on timeliness. IAF, Tab 3. The appellant did not respond. However, the administrative judge did not reach the timeliness issue because she dismissed the appeal for lack of jurisdiction.

about the $2,905 that he allegedly owes and that the Postal Service calculated the amount that he owed in 2002 as $6,093. *Id*.

¶7      Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has made no such showing. Moreover, the appellant has not shown that the evidence is material. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). As with the documentary evidence that he submitted below, the appellant has not drawn any particular connection between the evidence that he furnished on review and any basis for the Board to find that it has jurisdiction over allegations of Postal Service error in calculating a buyback amount. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (determining that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation). The appellant has failed to show that the Postal Service has taken an action that is within the Board's jurisdiction, and he has failed to meet his burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i).

¶8      The record is unclear whether the Postal Service calculated the appellant's buyback amount. The record establishes that the appellant elected, before his retirement, to pay a deposit for his post-1956 military service by submitting to his employing agency a completed Standard Form (SF) 2803, Application to Make Deposit or Redeposit. However, which entity calculated the amount due from the appellant is not established in the record. IAF, Tab 1 at 8. The Postal Service asserts that OPM administers issues pertaining to applications to make a deposit or redeposit. IAF, Tab 6 at 5. The document in question, though, does not

calculate the appellant's buyback amount. The record does show, however, that the Postal Service informed the appellant of the amount that he had to pay to buy back his military service. IAF, Tab 1 at 11.

¶9     The Board's case law offers some support to the agency's assertion that OPM administers matters concerning applications to make a deposit or redeposit. *See Brown v. Office of Personnel Management*, 9 M.S.P.R. 122 (1981) (OPM denying on reconsideration an appellant's SF 2803, Application to Make Deposit or Redeposit to the Civil Service Retirement System). Under these circumstances, we find that the administrative judge's suggestion in the initial decision that the appellant first must seek a decision from OPM regarding the calculation of the proper amount that he owes to buy back his military time was warranted. As the appellant has not received a final decision from OPM, the administrative judge did not err in finding that the Board does not have jurisdiction on that basis. *See, e.g.*, *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008) (finding that, generally, the Board has jurisdiction over OPM's determinations affecting an appellant's rights or interests under the CSRS only after OPM has issued a reconsideration decision).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.