# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

QIUHUA Y. RIGGS,
                    Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
SF-0831-16-0507-I-1

DATE: September 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Qiuhua Y. Riggs, West Covina, California, pro se.

Kristine Prentice, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal concerning her eligibility for survivor annuity benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is the surviving spouse of an individual who had performed Federal service covered under the CSRS. Initial Appeal File (IAF), Tab 2 at 36‑37, 45-46. The Office of Personnel Management (OPM) informed the appellant that she could apply for death benefits but did not indicate that she was eligible for survivor annuity benefits. *Id.* at 28. On March 4, 2016, the appellant signed and completed an application for death benefits based on her spouse's Federal service. *Id.* at 29-32. In a final decision dated March 18, 2016, OPM determined that she was not entitled to a lump‑sum death benefit. *Id.* at 7‑8.

¶3 The appellant filed an appeal of OPM's final decision that denied her application for a lump-sum death benefit.[2] IAF, Tab 1 at 1-7. After the administrative judge became aware that the appellant was also seeking survivor annuity benefits and OPM had not issued a final decision regarding this type of

---

[2] The instant appeal was initially docketed as part of her appeal concerning lump-sum death benefits under MSPB Docket No. SF-0831-16-0421-I-1. IAF, Tab 4 at 1.

benefit, she decided to docket separately this appeal of her claim to survivor annuity benefits. IAF, Tab 3 at 1, Tab 4 at 1.

¶4 OPM filed a motion to dismiss this appeal for lack of jurisdiction. IAF, Tab 2 at 4. OPM alleged that it had not issued an initial or a final decision on her claim to survivor annuity benefits, but that it intended to issue a decision after her separate appeal concerning lump-sum death benefits was fully adjudicated. *Id.*

¶5 In a show cause order, the administrative judge informed the appellant of her burden of establishing jurisdiction over the appeal and that the Board may not have jurisdiction over this appeal because OPM had not issued a final decision on her eligibility for survivor annuity benefits. IAF, Tab 4 at 1-2. The administrative judge ordered her to file evidence and argument on the jurisdictional issue. *Id.* at 2. The appellant did not respond.

¶6 Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 3. She found that the Board lacked jurisdiction over the appeal because OPM had not issued an initial or a final decision on the appellant's eligibility for survivor annuity benefits. ID at 3. She further found no evidence that OPM did not intend to issue an initial or reconsideration decision on the matter. *Id.*

¶7 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 4.

¶8 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[3]

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

5 C.F.R. § 1201.56(b)(2)(i)(A). The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final decision. *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd per curiam*, 287 F. App'x 864 (Fed. Cir. 2008); *see* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110. However, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014).

¶9        Here, OPM asserted that it had not issued an initial or a final decision on the appellant's claim to survivor annuity benefits, but that it intended to issue a decision on the matter after the adjudication of her separate appeal concerning lump‑sum death benefits was finalized. IAF, Tab 2 at 4. The initial decision in the appellant's separate appeal concerning lump-sum death benefits became final on July 22, 2016, when she did not file a petition for review by the finality date. *Riggs v. Office of Personnel Management*, MSPB Docket No. SF-0831-16-0421-I-1, Initial Appeal File, Tab 17, Initial Decision at 4 (June 17, 2016). As the administrative judge properly found here, the Board lacks jurisdiction over the instant appeal because OPM has not issued an initial or a final decision determining her eligibility for survivor annuity benefits. ID at 3.

¶10      In her petition for review, the appellant does not dispute the administrative judge's finding that OPM has not issued an initial or a final decision on her survivor annuity benefits claim. PFR File, Tab 1. Although she asserts that she has not yet received a decision from OPM on her entitlement to survivor annuity benefits after her separate appeal regarding lump-sum death benefits was finalized, she has not challenged the accuracy of OPM's stated intention to issue a decision on the matter, or alleged that OPM has refused or improperly failed to issue a decision. *Id.* at 9.

¶11      Further, we find that the appellant's arguments on the merits of the appeal are not relevant to the dispositive jurisdictional issue and, thus, do not provide a

reason to disturb the initial decision. *Id.* at 1-6; *see, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question).

¶12 Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction. If the appellant is dissatisfied with any subsequent OPM decision regarding her claim to survivor annuity benefits, she may request that OPM reconsider the decision and, if she is still dissatisfied, she may appeal OPM's final decision to the Board. *See* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S.

Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.