NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3154

LAWRENCE A. MORIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Lawrence A. Morin, of Euless,Texas, pro se.

Timothy P. McIlmail, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Bryant G. Snee, Deputy Director. Of counsel on the brief was Paul N. St. Hillaire, United States Office of Personnel Management, Office of the General Counsel, Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3154

LAWRENCE A. MORIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0831070406-I-2.

_____

DECIDED: July 9, 2008

_____

Before RADER, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Lawrence A. Morin ("Morin") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM's") final decision that, pursuant to 5 U.S.C. § 8332(j), Morin's Civil Service Retirement System ("CSRS") annuity would be reduced as a result of his post-1956 military service, unless he made a deposit equal to 7% of his total military pay pursuant to 5 U.S.C. § 8334(j). <u>Morin v. Office of Pers. Mgmt.</u>, No. DA0831070406-I-2, slip op. at 1, 5-6 (M.S.P.B. Dec. 18, 2007) ("<u>Final Decision</u>"). We <u>affirm</u> the decision of the Board.

Morin served in the United States Air Force from 1964 until 1978. From 1979 until 2005, Morin was employed by the Federal Aviation Administration. He was involuntarily separated through a reduction in force and retired in October 2005.

In December 2005, OPM informed Morin that it had overpaid his monthly annuity and that it was seeking collection of the overpayment. Morin responded by requesting that OPM credit his military service in its calculation of his retirement annuity. OPM denied the request and explained to Morin that, under 5 U.S.C. § 8332(j), Morin's post-1956 military service could not be credited toward his retirement annuity, because he had failed to make the deposit required by 5 U.S.C. § 8334(j) at the time of his retirement. Morin appealed the denial to the Board.

While Morin's appeal was pending, OPM rescinded its original decision and advised Morin that he would be given an opportunity to make the required deposit. The Board treated OPM's rescission as a final decision to reduce Morin's annuity unless he made the required deposit.

The Board affirmed OPM's decision. Specifically, the Board rejected Morin's argument that he should be credited for his post-1956 military service without making the required deposit, because it was "not supported by any statute, regulation, or decision." Id. at 5.

Morin appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). However, "[o]ur scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or

unsupported by substantial evidence." Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)).

The calculation of creditable service for purposes of the CSRS is prescribed by statute. Generally, "military service . . . performed by an individual after December 1956 . . . shall be excluded in determining the aggregate period of service . . . ." 5 U.S.C. § 8332(j)(1). However, this exclusion does not apply to "any period of military service . . . with respect to which the employee . . . has made a deposit, with interest, if any, under [5 U.S.C. § 8334(j)]." Id. § 8332(j)(2). The required deposit is seven percent of the employee's military pay. 5 U.S.C. § 8334(j). Thus, as we have explained, "[a] civil service annuitant . . . is entitled to credit for active duty military service performed after 1956 under both the CSRS and the Social Security System, but only if the annuitant deposits with the Civil Service Retirement Fund an amount equal to seven percent of the person's total post-1956 military pay." Collins v. Office of Pers. Mgmt., 45 F.3d 1569, 1570-71 (Fed. Cir. 1995) (emphasis added).

OPM has no discretion to give credit to an annuitant for military service when the annuitant has not made the required deposit. See id. at 1571 ("If an annuitant fails to make the requisite deposit, OPM is obligated to recompute the person's annuity payment when the person first becomes eligible for Social Security benefits. The recomputation excludes credit for the post-1956 military service for which no deposit had been made to earn entitlement to credit."); see also id. ("In order to enjoy coverage under both systems for the same period of service, an annuitant is required to make the specified deposit.").

As we have previously held, 5 U.S.C. §§ 8332 and 8334 "specify with no room for doubt that a civil service annuitant cannot enjoy the full benefit of the post-1956 military service without timely paying a price." Id. Morin does not dispute that he has not made the required deposit. He is therefore not entitled to credit for his military service for purposes of the CSRS.

Morin argues that he should not be required to make the deposit, because OPM has credited other similarly situated retirees for their post-1956 military service, even when those retirees had not made the required deposit. Morin further argues that the Board deprived him of due process by failing to allow him discovery from OPM concerning "exceptions to CSRS/Military retirees receiving credit for Military time without making the deposit." Pet'r's Informal Br. at Question 2, Page 1. However, even if Morin had been able to prove with discovery that notwithstanding 5 U.S.C. § 8332 OPM had allowed other retirees to receive credit for post-1956 military service without making the deposit, the outcome in this case would be no different. As the Board correctly held, "[t]he fact that others may be receiving benefits improperly does not permit OPM to award such improper payments to [Morin]." Board Decision at 5. When a retiree, like Morin, fails to make the required deposit, OPM is obligated to exclude the retiree's post-1956 military service when calculating CSRS credit. See Collins, 45 F.3d at 1571.

Finally, Morin argues that the Board erred by failing to consider his age and the prohibitive cost of making the deposit required by 5 U.S.C. § 8332. The statutory framework of 5 U.S.C. §§ 8332 and 8334 makes no age or hardship exception to the

deposit requirement. The Board therefore did not err by failing to consider these arguments.

For the foregoing reasons, we <u>affirm</u> the decision of the Board.

COSTS

No costs.