# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH SAMUEL GENUALDI,

        Appellant,

           v.

OFFICE OF PERSONNEL
    MANAGEMENT,

        Agency.

DOCKET NUMBER
AT-0831-14-0878-I-1

DATE: February 4, 2015

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Joseph Samuel Genualdi</u>, Huntsville, Alabama, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the recomputation of his Civil Service Retirement System (CSRS) annuity for lack of Board jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the appeal to the regional office for further adjudication in accordance with this Order.

¶2 The appellant filed this appeal to contest a July 29, 2014 final decision issued by the Office of Personnel Management (OPM). *See* Initial Appeal File (IAF), Tab 1 at 15-16. OPM recomputed his monthly annuity to eliminate credit for his post-1956 military service after he failed to make a deposit for that service. *Id.* at 15. The appellant acknowledged that he did not make the deposit. He did not dispute that recomputation of his annuity was appropriate; instead, he contested the amount by which the annuity had been reduced. *See id.* at 6-7.

¶3 In a letter to the Board dated August 27, 2014, OPM rescinded its July 29, 2014 final decision. IAF, Tab 4 at 4. The letter also stated that OPM would allow the appellant to make a deposit for his post-1956 military service, after which his monthly annuity payment would be readjusted. *Id.* Citing *Rorick v. Office of Personnel Management*, [109 M.S.P.R. 597](#), ¶ 6 (2008), the administrative judge dismissed the appeal as moot "because OPM has indicated that it will grant the appellant the sole relief he would have been able to obtain from the Board if his appeal had been adjudicated in his favor (an opportunity to make a late deposit for his periods of military service)." IAF, Tab 5, Initial Decision (ID) at 2 (footnote omitted).

¶4 On review, the appellant argues that the administrative judge misconstrued the issue he raised in the appeal: that the recomputation resulted in a 20 percent decrease in his monthly annuity payment. Petition for Review (PFR) File, Tab 1 at 2. He explains that he had asked for reconsideration of the amount of the annuity payment he receives, and he did not contest whether OPM should have recomputed his annuity. *Id.* He further explains that he is financially unable to make a deposit and he simply wants the Board to reconsider the amount by which his annuity was reduced. *Id.* at 4.

¶5 The Board may adjudicate an appeal contesting any administrative action or order affecting the rights or interests of an individual under the CSRS; however,

the Board does not acquire jurisdiction until OPM has issued a final decision. *Baniaga v. Office of Personnel Management*, [86 M.S.P.R. 207](#), ¶ 5 (2000); *see* [5 U.S.C. § 8347](#)(b), (d)(1); *see also* [5 C.F.R. §§ 831.109](#), .110. If OPM completely rescinds a final or reconsideration decision, the Board generally does not retain jurisdiction over the appeal in which that decision is at issue, and the appeal must be dismissed. *See Baniaga*, [86 M.S.P.R. 207](#), ¶ 5. The Board recognizes an exception to this general rule when OPM's failure to render a decision effectively prevents an appellant from obtaining adjudication of the matter he has appealed. *Settlers v. Office of Personnel Management*, [108 M.S.P.R. 105](#), ¶ 9 (2008).

¶6        Here, the exception applies. OPM's rescission letter did not truly render the appeal moot because it did not address the appellant's issue on appeal: whether the recomputation resulted in an excessive decrease in his monthly annuity payment. *See* IAF, Tab 1 at 6-7. The administrative judge acknowledged that the appeal presented that question, but stated that the appellant's intention in filing the appeal seemed "unclear" and suggested that he had not raised the question with OPM. *See* ID at 3 n.2. The administrative judge advised the appellant to notify OPM if he intended to contest the calculation of his annuity and to allow OPM to issue another decision. *Id.*

¶7        The record below does not include the appellant's initial correspondence with OPM. His appeal form unequivocally stated that his concern was not with the fact of recomputation but with the amount by which his monthly annuity payment had been reduced. *See* IAF, Tab 1 at 6-7. On review, however, the appellant submitted a copy of his initial correspondence with OPM. His letter states that he was challenging the amount of the reduction *and* that he would be unable to deposit funds to cover his post-1956 military service. PFR File, Tab 1, Subtab C. OPM's rescission letter did not address this second issue. *See* IAF, Tab 1 at 15-16. The administrative judge thus erred in dismissing his appeal as moot. Accordingly, we thus consider OPM's August 27, 2014 rescission letter to

be the agency's "implicit negative reconsideration decision." *See Morin v. Office of Personnel Management*, [107 M.S.P.R. 534](#), 537-38 (2007) (because OPM's rescission letter was silent about the appellant's issue on reconsideration, it was an "implicit negative reconsideration decision"), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008).  We remand the appeal to the regional office for further development of the record as needed and a decision on the merits regarding the accuracy of OPM's recomputation of the appellant's monthly annuity payment.

## ORDER

For the reasons discussed above, we VACATE the initial decision REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                            _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.