**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LATIF W. KADIM,<br>                    Appellant, | DOCKET NUMBER<br>AT-0831-15-0153-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE: April 8, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Latif W. Kadim, Sandy Springs, Georgia, pro se.

Roxann Johnson, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction because the Office of Personnel Management (OPM) had rescinded its final decision.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      OPM issued a final decision stating that the appellant's monthly annuity benefit under the Civil Service Retirement System (CSRS) would be adjusted to eliminate credit for his post-1956 military service because he had not made a deposit for this service.  Initial Appeal File (IAF), Tab 1.  The appellant appealed OPM's decision, asserting that he should be allowed to make a deposit for this military service and have his annuity retroactively restored to the amount that it would have been had he originally made the deposit.  IAF, Tabs 1, 3.  In response, OPM rescinded its decision, stating that it would allow the appellant to make the deposit.  IAF, Tab 6 at 4.  OPM moved to have the appeal dismissed for lack of jurisdiction.  *Id*.  In the initial decision, the administrative judge found that OPM had rescinded its decision and therefore dismissed the appeal for lack of jurisdiction.  IAF, Tab 7, Initial Decision.

¶3      The appellant has timely petitioned for review, asserting that the process of allowing him to make the deposit was taking too long, which was equivalent to

not fully rescinding the decision. Petition for Review (PFR) File, Tab 1. OPM has filed a response, PFR File, Tab 5, and the appellant has filed a reply, PFR File, Tab 6. The appellant submits evidence that, subsequent to the initial decision, OPM provided him the opportunity to and he did indeed make the deposit for his post-1956 military service.[2] PFR File, Tab 8.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction.[3] 5 C.F.R. § 1201.56(a)(2)(i). The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final decision. *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008). However, when OPM completely rescinds a reconsideration decision, the Board no longer retains jurisdiction over the appeal in which that reconsideration decision is at issue. *Id*.

¶5 Here, we find that OPM rescinded its decision, thus divesting the Board of jurisdiction. The appellant asserted that he should be allowed to make a deposit for his military service. IAF, Tab 1. Below, OPM rescinded its decision, stating that the appellant would be entitled to make the deposit. IAF, Tab 6 at 4. On review, the appellant submits evidence that he now has made the deposit. PFR File, Tab 8. If the appellant is dissatisfied with any subsequent OPM decision

---

[2] On petition for review, the appellant submits additional evidence, including a letter from OPM that informs him of the required deposit amount, a check that he submitted to OPM, and a postal receipt for mailing the check to OPM. PFR File, Tab 8. We consider this new and material evidence because it came about after the close of the record below and it is material to the issue of OPM's rescission of its decision. 5 C.F.R. § 1201.115(d).

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

regarding his annuity, he may request that OPM reconsider the decision, and if he is still dissatisfied, he may appeal OPM's final decision to the Board. *See* 5 C.F.R. §§ 831.109, 831.110.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

      If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.