**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JUAN C. PIEDRA,<br>            Appellant, | DOCKET NUMBER<br>SF-0845-15-0689-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: January 19, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Terri Tangalin-Piedra, Vancouver, Washington, for the appellant.

Kristine Prentice, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the reconsideration decision of the Office of Personnel Management (OPM) for lack of jurisdiction because OPM rescinded the reconsideration decision during the pendency of the appeal. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's finding that the Board lacks jurisdiction over the appeal, and REMAND the case to the regional office for further adjudication in accordance with this order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant separated from Federal employment pursuant to a disability retirement effective in March 2011. Initial Appeal File (IAF), Tab 7 at 13. In February 2012, he was approved for Social Security disability benefits with a retroactive effective date of September 2011. *Id*. at 14. OPM notified the appellant in September 2012 that, because his interim annuity payments exceeded his earned payments, he had received an overpayment of his disability retirement annuity in the amount of $18,061.48 from May 2011 to August 2012. IAF, Tab 4 at 19-20. OPM further informed the appellant that it would collect the overpayment in installments of $501.70 beginning in December 2012. *Id.* In response to OPM's decision, the appellant requested reconsideration of the existence or the amount of the overpayment, waiver of the overpayment, a compromise payment, and a voluntary repayment agreement. *Id*. at 13. He alleged that OPM miscalculated the overpayment because it used the wrong separation date, incorrectly calculated his high-3 average salary, and incorrectly accounted for his Social Security disability benefits. *Id*. at 15-16. In June 2015, OPM issued a reconsideration decision affirming its initial decision and notifying the appellant that it would accept recovery of the overpayment in installments of $250.00 beginning in October 2015, if he did not file a Board appeal. *Id*. at 7-12.

¶3 The appellant filed the instant Board appeal challenging the reconsideration decision and requested a hearing. IAF, Tab 1. He asserted that OPM miscalculated the overpayment because his last day of employment and high-3 average salary were incorrect. *Id*. He also alleged, inter alia, that OPM did not notify him to keep the Social Security benefits he received and that OPM's

negligence and incompetency had put him into financial debt, which was worsened by its delay in processing his request for waiver. *Id.* OPM informed the administrative judge that it had decided to rescind the June 2015 reconsideration decision and averred that, once the appeal was dismissed, it would remand the case for correction of the appellant's last day of pay.[2] IAF, Tab 11. The administrative judge therefore issued an initial decision on September 11, 2015, finding that OPM's rescission of its reconsideration decision divested the Board of jurisdiction over the appeal. IAF, Tab 13, Initial Decision.

¶4    The appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He attached an undated letter from OPM that he asserted to have received on September 25, 2015, which stated that, beginning October 1, 2015, it would withhold $250.00 per month in collection of the overpayment.[3] *Id.* at 5, 11. The appellant therefore argued that OPM did not fully rescind its reconsideration decision. *Id.* at 5. OPM has responded in opposition to the petition for review, PFR File, Tab 4, but has not addressed the letter submitted by the appellant on review. The appellant has filed a reply. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board has held that, if OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). However, if OPM does not restore the appellant to the status quo ante, the reconsideration

---

[2] OPM stated that it would remand the appeal for correction of the appellant's "LDOP," IAF, Tab 11, which we understand to be an acronym for "last day of pay."

[3] We find that this undated letter may be new and material evidence because the appellant apparently received it after the record closed below and the information contained therein is significant in our determination of whether OPM rescinded its reconsideration decision. *See Rumph v. Office of Personnel Management*, 107 M.S.P.R. 592, ¶ 7 (2008); *see also* 5 C.F.R. § 1201.115(d). As such, we will consider it on review.

decision has not been rescinded, and the appeal remains within the Board's jurisdiction. *See id*., ¶ 10.

¶6    Here, OPM stated that it was rescinding its reconsideration decision for correction of the appellant's last day of pay. IAF, Tab 11. However, OPM did not state that it would address any of the appellant's other concerns, including the calculation of his high-3 salary or his allegations relating to financial hardship. *See id*. Thus, although OPM purported to rescind the reconsideration decision, outstanding issues remained, and OPM did not indicate that it would address these other issues. We therefore find that, under the circumstances, the administrative judge erred in dismissing the appeal for lack of jurisdiction. *See Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 9 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008). Additionally, the evidence on review seems to indicate that OPM may not have actually rescinded the decision, as it represented below. The OPM letter, although it is undated, appears to suggest that OPM may still intend to collect the overpayment, in accordance with the reconsideration decision.[4] PFR File, Tab 1 at 11. Because the appellant has not been restored to his status prior to the issuance of the reconsideration decision, and because OPM did not grant him the relief he requested on appeal, we find that the appeal remains within the Board's jurisdiction. *See Martin*, 119 M.S.P.R. 188, ¶ 10.

---

[4] This is an issue that the administrative judge may wish to clarify on remand.

**ORDER**

¶7    For the reasons discussed above, we reverse the administrative judge's finding that the Board lacks jurisdiction over the appeal, and remand this case to the regional office for further adjudication in accordance with this remand order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.