# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EDWARD E. OLIVER,<br>                Appellant, | DOCKET NUMBER<br>NY-0831-16-0059-I-1 |
|        v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>                Agency. | DATE: April 13, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edward E. Oliver</u>, Mastic, New York, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the decision of the Office of Personnel Management (OPM) to reduce his retirement annuity by eliminating credit for his post-1956 military service. For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the initial decision to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

afford the appellant an opportunity to make a deposit for his post-1956 military service.

## BACKGROUND

¶2       On May 21, 2012, OPM issued a final decision to reduce the appellant's annuity by eliminating credit for his post-1956 military service because he had become 62 years old and had not made a deposit for such service.  Initial Appeal File (IAF), Tab 9 at 20-21.  After the appellant filed an appeal with the Board, OPM rescinded its decision and indicated that it would give the appellant an opportunity to make a belated deposit on his post-1956 service.  *Id.* at 12-13, 17.  Accordingly, on August 9, 2012, because OPM's rescission of its final decision deprived the Board of jurisdiction, the administrative judge dismissed the appeal for lack of jurisdiction.  *Oliver v. Office of Personnel Management*, MSPB Docket No. NY-0831-12-0189-I-1, Initial Decision (Aug. 9, 2012).

¶3       On December 1, 2015, the appellant filed this appeal, asserting that OPM continued to provide him with a reduced annuity and failed to offer him the opportunity to make the belated deposit.  IAF, Tab 1.  On February 2, 2016, OPM responded by noting that on August 27, 2012, it had asked the Defense Finance and Accounting Service (DFAS) to provide the appellant's estimated earnings during his military service and that DFAS had thus far not responded.  IAF, Tab 9 at 4, 10.  OPM stated that it could not provide the appellant with a bill for the required deposit without the earnings information.  *Id.* at 4.

¶4       On December 20, 2016, OPM stated during a telephone conference with the administrative judge and the appellant that DFAS still had not provided the appellant's estimated earnings.  IAF, Tab 11.  On August 7, 2017, the administrative judge ordered OPM to indicate whether it intended to take any further action regarding the appellant's case.  IAF, Tab 14.

¶5       On August 9, 2017, OPM responded by asserting that it had received the earnings information from DFAS and had informed the appellant by letter dated

March 8, 2016, that he needed to make a deposit within 30 days. IAF, Tab 15 at 4. OPM asserted that the appellant had not responded to the notice, which it attached to its pleading. *Id.* at 4, 6-7.

¶6 Also on August 9, 2017, the administrative judge issued a Notice and Order indicating that, based on OPM's submissions, she believed the appeal would have to be dismissed for lack of jurisdiction. IAF, Tab 16. She ordered the appellant to provide a response by August 23, 2017, regarding why he believed the Board had jurisdiction over the appeal. *Id.* On August 24, 2017, after the appellant failed to respond, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision.

¶7 The appellant has filed a petition for review, asserting that until August 16, 2017, when he received OPM's August 9, 2017 pleading, he had not received a copy of its notice dated March 8, 2016. Petition for Review (PFR) File, Tab 1 at 4. OPM has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the Civil Service Retirement System only after OPM has issued a final decision. *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008). If OPM completely rescinds a final decision, the Board no longer retains jurisdiction over the appeal in which that decision is at issue. *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶ 7 (2016).

¶9 However, if an outstanding issue remains after a rescission and it is clear that OPM will not issue another decision, the Board retains jurisdiction to adjudicate the matter. *Morin*, 107 M.S.P.R. 534, ¶ 9. Accordingly, when OPM has determined in its rescission letter that an appellant was entitled to make a belated deposit for his post-1956 military service and indicated its intent to reduce his annuity if the deposit was not made, and OPM did not issue a new final

decision, the Board has found the rescission letter to constitute a final decision by OPM to reduce the appellant's annuity. *Id.*

¶10     Here, OPM stated in its rescission letter that it determined that the appellant established his entitlement to make a belated deposit.  IAF, Tab 9 at 17.  In its response to the administrative judge's inquiry of whether it intended to take any further action regarding the appellant, OPM asserted that it provided the appellant the opportunity to make a belated deposit on March 8, 2016, but that he failed to do so and thus "forfeited his opportunity to make said payment."  IAF, Tab 15 at 4, Tab 14 at 2.  It therefore appears that OPM has made a final decision to reduce the appellant's annuity and does not intend to take any further action in this matter.  Accordingly, we find the Board has jurisdiction over this appeal. *See* 5 U.S.C. § 8347(d)(1); *Morin*, 107 M.S.P.R. 534, ¶ 9.

¶11     The Board will order OPM to allow an individual to make a post-separation deposit to his retirement account to receive retirement credit for post-1956 military service pursuant to 5 U.S.C. §§ 8332(j) and 8334(j) only if the individual shows that OPM or his employing agency made an administrative error that caused his failure to timely make the deposit. *Hooper v. Office of Personnel Management*, 108 M.S.P.R. 614, ¶ 7 (2008).  Here, however, OPM itself has found that the appellant established his entitlement to make a post-separation deposit.  IAF, Tab 9 at 17.

¶12     OPM also has acknowledged that it now has the information it needs to bill the appellant for the required deposit.  IAF, Tab 15 at 4-7.  OPM's only argument regarding why the Board should not order it to allow the appellant to make a post-separation deposit is that it already has provided him the opportunity to do so and that he failed to take advantage of that opportunity. *Id.* at 4.  However, OPM has failed to provide any evidence showing that it actually mailed the March 8, 2016 notice to the appellant. *See id.* at 6-7.

¶13     In OPM's August 9, 2017 pleading, its representative stated that OPM had billed the appellant via the March 8, 2016 notice. *Id.* at 4.  However, the

representative acknowledged that the pleading did not assert facts that she knew from personal knowledge. *Id.* at 3. Notably, the signature of the notice's purported author does not appear on OPM's copy and OPM has not provided evidence that the notice was actually mailed. *Id.* at 7.

¶14 Rather than provide any proof that it mailed the March 8, 2016 notice, OPM essentially argued that the record indicated that the appellant failed to act diligently in checking his mail. *Id.* at 4. OPM asserted that the appellant admitted that he did not regularly check his address of record, a post office (P.O.) Box. *Id.*

¶15 In fact, in his December 23, 2015 pleading, the appellant stated that he had been checking his P.O. Box twice a month up to that point, but would from then on have his son check it more often. IAF, Tab 3. On review, the appellant indicated that after January 20, 2016, he began to personally check his P.O. Box every other day. PFR File, Tab 1 at 7. He also stated that through July 2017, he called OPM every 2 or 3 months and was repeatedly told that OPM had not yet made a decision or received the necessary information from DFAS. *Id.* at 5-6. That OPM was waiting for a response from DFAS would have been consistent with OPM's statement during the December 20, 2016 conference call that DFAS still had not provided the appellant's estimated earnings. IAF, Tab 11. In its response to the petition for review, OPM does not counter or otherwise address the appellant's assertions. PFR File, Tab 4.

¶16 For the reasons stated above, we find that the appellant has met his burden of establishing his entitlement to make a post-separation deposit, with interest. The appellant further requests a waiver of the interest on the deposit and an award of compensatory and punitive damages for OPM's alleged age discrimination.[2]

---

[2] The appellant additionally requests back pay and front pay. PFR File, Tab 1 at 10-11. The Board's jurisdiction in this appeal is limited to OPM's decision to reduce the appellant's annuity. *See* 5 U.S.C. § 8347(d). To the extent that the appellant requests back pay and front pay because he alleges that his retirement was involuntary, he may

PFR File, Tab 1 at 10-11. However, there is no statutory basis for the waiver of interest on such a deposit, 5 U.S.C. § 8334(e), (j), and the Board may not issue such a waiver based on equitable considerations, *see Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1382 (Fed. Cir. 1999). Nor does the Board have the authority to award punitive damages, *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 3 n.2 (2012), or compensatory damages for age discrimination claims, *Antonio v. Department of the Air Force*, 107 M.S.P.R. 626, ¶ 13 (2008). Accordingly, we deny his requests.[3]

## ORDER

¶17    We ORDER OPM to set a time limit under 5 C.F.R. § 831.2107 by which the appellant may make the military deposit. OPM's notice to the appellant should include the amount of the deposit to be paid and an explanation of how it calculated that amount. OPM must complete this action no later than 20 days after the date of this decision.

¶18    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶19    No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the

---

file a separate Board appeal against his former employing agency. *See* 5 C.F.R. § 1201.3(a)(1).

[3] The appellant also requests an award of attorney fees. PFR File, Tab 1 at 10-11. Any motion for attorney fees must be filed within 60 days after the Board's final decision. 5 C.F.R. § 1201.203(d).

Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶20        This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT
### REGARDING YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                        /s/ for

                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.