**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NORMAN A. JOHNSON,
            Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
            Agency.

DOCKET NUMBER
NY-831M-21-0122-I-1

DATE: January 31, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Norman A. Johnson</u>, Brooklyn, New York, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal regarding an overpayment of Civil Service Retirement System (CSRS) annuity benefits for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision. 5 C.F.R. § 1201.113(b). However, we REMAND the matter of the proper calculation of the appellant's annuity and any resulting overpayment to the Office of Personnel Management (OPM) for its further consideration consistent with this Remand Order.

## BACKGROUND

¶2        On July 2, 2021, the appellant filed a Board appeal challenging a June 21, 2021 determination by OPM that he had been overpaid $7,088.50 because of his concurrent receipt of CSRS annuity benefits and Office of Workers' Compensation Programs (OWCP) benefits between November 1, 2015, and May 30, 2021. Initial Appeal File (IAF), Tab 1 at 3-4, 12.[2] The appellant also disputed OPM's calculation of his monthly CSRS deferred annuity payments. *Id.* at 13-14. In so doing, he explained that he had already appealed OPM's

---

[2] OPM's June 21, 2021 determination seemingly contradicted a prior finding that the appellant could permissibly receive CSRS deferred annuity benefits and OWCP benefits concurrently because they stemmed from two separate periods of Federal service. IAF, Tab 1 at 6-7; *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-0831-17-0205-I-1, Initial Appeal File, Tab 11 at 6.

calculation of his monthly annuity payments to the Board only to have OPM "rescind its prior decisions." *Id.* at 14.

¶3      The administrative judge dismissed the matter for lack of jurisdiction because OPM had not yet issued a final decision regarding the $7,088.50 overpayment.  IAF, Tab 9, Initial Decision at 2.  The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.

## ANALYSIS

¶4      The Board generally has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final decision.  *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008); *see* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110.  As an exception to this general rule, however, the Board may assert jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision.  *Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶ 21 (2011).

¶5      Here, the appellant has, since 2017, repeatedly attempted to appeal a 2016 recalculation of his CSRS deferred annuity benefits.  *E.g.*, *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-0831-17-0205-I-1, Initial Appeal File (0205 IAF), Tab 1 at 1.  Indeed, on both April 26, 2017, and June 19, 2018, OPM issued reconsideration decisions concluding that, as a result of the 2016 recalculation, the appellant had been overpaid $13,860.40 in annuity benefits between December 12, 2008, and October 30, 2015.  0205 IAF, Tab 11 at 5-6; *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-0831-18-0149-I-1, Initial Appeal File (0149 IAF), Tab 1 at 5-6.  OPM, however, subsequently rescinded both of these reconsideration decisions and, on January 21, 2020, ultimately elected to waive recoupment of the $13,860.40 debt stemming from the overpayment.  0205 IAF, Tab 13 at 4; 0149 IAF, Tab 15 at 4-5; *Johnson v. Office of Personnel Management*, MSPB Docket No. NY-0831-

20-0025-I-1, Initial Appeal File (0025 IAF), Tab 9 at 7.[3] Thus, the appellant has yet to have the opportunity to litigate the 2016 recalculation of his benefits.

¶6 We agree with the administrative judge's conclusion that OPM had not yet issued a final decision regarding the $7,088.50 overpayment, which allegedly accrued between November 1, 2015, and May 30, 2021.[4] IAF, Tab 1 at 3. However, the Board may assert jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. As stated, the pro se appellant has repeatedly attempted to challenge the 2016 recalculation of his CSRS deferred annuity benefits; this recalculation would undoubtedly impact the $7,088.50 overpayment. It is unclear from the record whether OPM's apparent failure to provide the appellant with an appealable decision regarding the 2016 recalculation of his CSRS deferred annuity benefits is intentional; thus, we find that it is preferable to allow OPM to clearly express its position regarding both the calculation of the appellant's annuity benefits and any overpayment related thereto before we determine whether to exercise jurisdiction. *See Hasanadka*, 116 M.S.P.R. 636, ¶ 21.

---

[3] In waiving collection of the $13,860.40 overpayment, OPM stated that the overpayment stemmed from "CSRS *disability* annuity payments"; however, the appellant has not received CSRS disability retirement benefits since 1985. 0025 IAF, Tab 9 at 7 (emphasis added); IAF, Tab 1 at 6, 11.

[4] The appellant's initial $13,860.40 debt purportedly accrued between December 12, 2008, and October 30, 2015, because of the 2016 recalculation of his CSRS deferred annuity benefits. 0205 IAF, Tab 11 at 5-6. His current debt of $7,088.50 apparently began to accrue on November 1, 2015, i.e., immediately thereafter. IAF, Tab 1 at 3-4. The appellant's current debt is purportedly related to his receipt of both CSRS deferred annuity benefits and OWCP benefits. *Id.* at 3. The record, however, reflects that the appellant has been continually receiving OWCP benefits since 1996. PFR File, Tab 1 at 11.

**ORDER**

¶7    We therefore remand both matters to OPM for its further consideration. Should OPM issue a final decision[5] that is unfavorable to the appellant regarding the recalculation of his CSRS deferred annuity benefits and/or any outstanding debt related to an overpayment thereof, he may file a new appeal of that decision to the Board.  *See* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110.  The appellant's appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22.

¶8    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b). No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's

---

[5] OPM argued before the administrative judge that the June 21, 2021 determination did not "appear[]" to constitute an initial decision because the determination did not inform the appellant of his right to request reconsideration.  IAF, Tab 6 at 4.  However, OPM has previously provided the appellant with an initial decision absent such information.  0149 IAF, Tab 1 at 5-6, Tab 10 at 2, 20-21.  Accordingly, we find that the June 21, 2021 determination constitutes an initial decision.

Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD:                        /s/ for
_____
                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.