**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHELLE MILLER,
          Appellant,

      v.

DEPARTMENT OF COMMERCE,
          Agency.

DOCKET NUMBER
SF-0432-20-0165-I-2

DATE: July 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michelle Miller, Seattle, Washington, pro se.

Molly Dennison, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review, and the agency has filed a cross petition for review of the initial decision, which affirmed the removal based on unsatisfactory performance and concluded that the appellant did not prove any of her affirmative defenses. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. We MODIFY the initial decision to supplement the administrative judge's analysis regarding (1) whether the Office of Personnel Management (OPM) approved the agency's performance appraisal system and (2) the third factor under *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), related to the appellant's claim of reprisal for whistleblowing disclosures and/or protected activity. Except as expressly MODIFIED herein, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      We discern no error with the administrative judge's conclusion that the agency met its burden of proof regarding OPM's approval of its performance appraisal system based on the evidence that she described in the initial decision. *Miller v. Department of Commerce*, MSPB Docket No. SF-0432-20-0165-I-2, Appeal File (I-2 AF), Tab 45, Initial Decision (ID) at 10. However, we supplement her analysis to note that OPM approved the Department of Commerce Alternative Personnel System on August 14, 1996. I-2 AF, Tab 27 at 20. Such evidence contradicts the appellant's assertion on review that the agency "offered

no written evidence supporting OPM approval."[2]  Petition for Review File, Tab 1 at 12 n.9.

¶3      Although not raised by either party on review, we modify the initial decision to supplement the administrative judge's analysis of *Carr* factor 3—any evidence that the agency takes similar actions against employees who are not whistleblowers or who did not engage in protected activity but who are otherwise similarly situated.  *Carr*, 185 F.3d at 1323; ID at 133.  The administrative judge considered this factor neutral because neither party presented any comparator evidence.  ID at 133.

¶4      The U.S. Court of Appeals for the Federal Circuit[3] has held that, in the absence of relevant comparator evidence, *Carr* factor 3 cannot favor the Government.  *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018).  However, "the agency need not prove every factor weighs in its favor, [and] the absence of evidence related to *Carr* factor three is not fatal to the agency." *Rickel v. Department of the Navy*, 31 F.4th 1358, 1366 (Fed. Cir. 2022). Even if we weighed this *Carr* factor in the appellant's favor, it does not outweigh the administrative judge's thorough assessment of the other two *Carr* factors.  We are ultimately left with a firm belief that the agency would have removed the

---

[2] Because we affirm the administrative judge's decision to sustain the removal based on unsatisfactory performance in critical element (1), we need not address the parties' arguments on review regarding critical element (3).

[3] Historically, the Board has been bound by the precedent of the Federal Circuit on issues of whistleblower reprisal.  However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat 1465, extended for 3 years in the All Circuits Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuits Review Act, Pub. L. No. 115-195, 132 Stat. 1510, we must consider this issue with the view that the appellant may seek review of this decision before any appropriate court of appeal.  *See* 5 U.S.C. § 7703(b)(1)(B).  We are not aware that any circuit court of appeals, other than the Federal Circuit, has issued case law regarding *Carr* factor 3 that is different from the cases that we have cited herein.

appellant for unsatisfactory performance in the absence of any whistleblowing disclosures and/or protected activity. We therefore agree with the administrative judge that the appellant did not prove that the removal action was taken in retaliation for her whistleblowing disclosures and/or protected activity.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.