NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not
citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3143

SYLVESTER CASIMIER, JR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  November 8, 2006

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Sylvester Casimier, Jr., appeals from the decision of the Merit Systems Protection Board ("MSPB" or "Board") in which the MSPB held that Casimier did not establish that he is entitled to disability retirement benefits.  Because substantial evidence supports the Board's finding that Casimier failed to prove that within a year after he left Government service he applied for disability retirement benefits, we affirm.

BACKGROUND

Casimier was employed in the position of Distribution Clerk with the U.S. Postal Service ("USPS") in New Orleans, Louisiana, until his removal, effective March 15,

1997.[1] The facts of this case are well described in the administrative judge's initial decision and therefore need not be fully reiterated here. In short, Casimier asserts that on February 13, 1998, he sent the Office of Personnel Management ("OPM") an Application for Immediate Retirement – Civil Service Retirement System Standard Form ("SF") 2801 along with two other forms, an SF 2824A ("Applicant's Statement of Disability") and an SF 2824C ("Physician's Statement") in an attempt to apply for benefits. OPM's records indicate that it never received an SF 2801 from Casimier. After sending him three letters requesting more information, and not receiving any response, OPM considered his 1998 filing abandoned. On March 31, 2003, Casimier filed for a refund of his retirement deductions under the Civil Service Retirement System ("CSRS") and OPM issued his refund as requested. Thereafter, on December 5, 2003, Casimier applied for immediate retirement under both the CSRS and the Federal Employees' Retirement System ("FERS").

In its decision dated January 16, 2004, OPM found that the time limit for Casimier to file for disability retirement had expired because he had been separated from Federal service for more than one year by the time he sent OPM his December 5, 2003 application. He filed a request for reconsideration with respect to OPM's determination that his 1998 filing had been incomplete. OPM denied his request and he appealed to the MSPB.

---

[1] Casimier previously appealed his removal to the Board where it was affirmed. See Casimier v. U.S. Postal Serv., No. DA0752970313-B-1 (M.S.P.B. July 31, 1998). The Board denied Casimier's petition for review and the administrative judge's initial decision became the final decision of the Board. Casimier v. U.S. Postal Serv., 81 M.S.P.R. 136 (M.S.P.B. Sept. 30, 1998). Casimier filed an appeal with this court and we affirmed the Board's decision. See Casimier v. U.S. Postal Serv., 194 F.3d 1330 (Fed. Cir. 1999) (Table).

Casimier, through counsel, appealed OPM's decision to the MSPB, asserting "that he submitted an application for disability retirement, Standard Form (SF) 2801, in February of 1998[,] . . . and that OPM failed to act on that application." Casimier v. Office of Pers. Mgmt., DA831E040459-I-1, slip op. at 3 (M.S.P.B. Apr. 29, 2005).

The administrative judge found that although Casimier produced what was alleged to be a copy of the SF 2801 application he submitted in 1998, Casimier failed to establish by preponderant evidence that he actually filed an application at that time. Id., slip op. at 8. Rather, "the evidence of record . . . indicates that [he] did not file an application until long after the filing period expired." Id. The administrative judge relied, inter alia, upon the following evidence in reaching that conclusion: (1) Casimier's failure to indicate in his December 5, 2003 application that he had previously applied for benefits in 1998; (2) OPM's records of Casimier's 1998 filing did not include an SF 2801 application; (3) the cover letter he sent in 1998 with his submission to OPM mentions that two other forms are included, but does not mention a retirement application (SF 2801); (4) Casimier's actions—not contacting OPM at all during that time either to follow up on his alleged application or to respond to OPM's request for more information, requesting a refund of his contributions, and falsely asserting in some correspondence with OPM that he had resigned from service when in reality he was terminated; and (5) that he offered no explanation at the hearing for why the evidence as presented above indicates that he did not file an SF 2801 application in 1998.

The administrative judge's initial decision became the final decision of the Board when the full Board denied Casimier's petition for review. Casimier v. Office of Pers. Mgmt., DA831E040459-I-1 (M.S.P.B. Sept. 21, 2005).

Casimier timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b).

DISCUSSION

This court

> review[s] the record and hold[s] unlawful and set[s] aside any agency action, findings, or conclusions found to be--
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c) (2000).

On appeal, Casimier asserts that (1) his filing of a request for retirement benefits in 1998 satisfied the requirements for making a claim for benefits; (2) OPM's receipt of his 1998 submission, even assuming it did not contain his application, was sufficient to interrupt (or toll) the running of the one-year time limitation after ending Federal service such that his December 2003 application perfects his claim for retirement benefits; and (3) the OPM regulations governing the filing of an application of disability retirement benefits are unconstitutional because they impose particular requirements for filing an application for benefits.

OPM first responds by noting that Casimier's sole contention before the administrative judge was that he had submitted an application for retirement benefits in 1998 and therefore his other arguments are not properly before us. Additionally, OPM asserts that the MSPB's conclusion that Casimier did not include an application for disability retirement benefits in his 1998 submission is supported by substantial evidence and that we should affirm the Board's decision. Finally, OPM argues that

even if Casimier's 1998 submission could somehow be considered an informal claim for benefits, his subsequent application for and refund of his retirement contributions makes him ineligible for a retirement annuity because it cuts off any possibility that he could later "perfect" a claim.

As the relevant statute makes clear, an employee such as Casimier who has been separated from service must, within one year of his separation from such service, file an application for benefits, the only exception being for mental incompetence. See 5 U.S.C. § 8337(b) (2000). Additionally, "[i]n appeals from reconsideration decisions of the Office of Personnel Management involving retirement benefits, . . . the appellant has the burden of proving, by a preponderance of the evidence, entitlement to the benefits." 5 C.F.R. § 1201.56 (2005).

We address each of Casimier's assertions in turn. First, Casimier asserts that he included an SF 2801 application in his 1998 submission to OPM. Although Casimier produced a copy of an SF 2801 application that he allegedly included in his 1998 submission to OPM, the facts as found by the administrative judge demonstrate that his actions and responses on subsequent forms were inconsistent with the actions of someone who had filed an application in 1998. Therefore, we conclude that the substantial evidence supports the administrative judge's finding that Casimier did not file an SF 2801 application for disability retirement benefits within one year of his separation from service.

Casimier next asserts that his 1998 submission was at least sufficient to toll the running of the one-year time period for filing an application for retirement benefits and alleges that his 1998 submission could be considered an informal claim which was

perfected by his 2003 application. While Casimier apparently failed to raise these arguments before the Board, we nonetheless address them briefly. Casimier's assertion that his 1998 filing could toll the running of the one-year application filing period completely disregards the statutory provision itself, which provides that only mental incompetence during the relevant time period can toll the time requirement for filing an application. See 5 U.S.C. § 8337(b) (2000). Casimier has not raised any allegation of mental incompetence and therefore there is no basis upon which to justify tolling the one-year filing requirement.

Furthermore, Casimier's March 31, 2003 request for, and receipt of, a refund of his retirement contributions effectively cut off his ability to receive a disability annuity even assuming that his 1998 submission was sufficient to toll the one-year time period or sufficient to raise an informal claim for benefits. The MSPB has held that such a request and refund make him ineligible for a retirement annuity. See Danganan v. Office of Pers. Mgmt., 55 M.S.P.R. 265, 269 (M.S.P.B. Oct. 8, 1992) (holding that the "receipt of the payment of the lump sum credit" defeats an entitlement to retirement benefits based on such service) (quoting 5 U.S.C. § 8342(a)); 5 U.S.C. § 8342(a) (noting that "[e]xcept as provided in section 8343a or 8334(d)(2) of this title, the receipt of the payment of the lump-sum credit by the employee or Member voids all annuity rights under this subchapter based on the service on which the lump-sum credit is based, until the employee or Member is reemployed in the service subject to this subchapter.") (emphases added). Thus, even if his 1998 submission was sufficient to constitute an informal claim for benefits or to somehow toll the one-year application period, his subsequent receipt of a "lump-sum credit" following his March 31, 2003

request for refund effectively cut-off whatever ability he may (or may not) have had to perfect any claim based on his 1998 filing.

Finally, Casimier asserts that the OPM regulations requiring specific filings in specific time frames are unconstitutional because they deny applicants due process in the application procedure and result in denying benefits that OPM is contractually obligated to provide. Casimier does not offer any authority in support of his assertion that OPM's regulations are unconstitutional. Based on the limited nature of the argument presented, we see no apparent constitutional impediment to requiring the use of certain forms for various types of benefit applications nor any due process violation based on OPM's time period for filing an application. Further, while OPM may be obligated to provide annuity benefits if an applicant is so entitled, the regulatory and statutory framework clearly provide another option—receiving a refund or "lump-sum credit." Thus, if an applicant elects to make such a request for refund and the "lump-sum credit" is received, the payment of the refund satisfies OPM's contractual obligations to provide benefits under the relevant statutory provisions.

CONCLUSION

Accordingly, the decision of the Board is affirmed.

No costs.