**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SYLVESTER CASIMIER, JR.,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
AT-0831-19-0460-I-1

DATE: June 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sylvester Casimier, Jr.</u>, Midland, Georgia, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

 The appellant has filed a petition for review of the initial decision, which dismissed the appeal as barred by the doctrine of res judicata. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the Board has jurisdiction over this appeal, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed in the position of Distribution Clerk with the U.S. Postal Service until his removal in March 1997. *Casimier v. Office of Personnel Management*, MSPB Docket No. DA-831E-04-0459-I-1, Initial Decision (0459 ID) at 2 (Apr. 29, 2005). The appellant applied for a refund of his Civil Service Retirement System (CSRS) retirement contributions in March 2003 and the Office of Personnel Management (OPM) issued a refund sometime thereafter. *Id*. He submitted an application for disability retirement under CSRS in December 2003, and OPM denied it. *Id*. Sometime thereafter, the appellant requested reconsideration of OPM's determination. *Id*. In April 2004, OPM affirmed its denial and noted that, because the appellant had applied for and received a refund of his retirement contributions, he was precluded from receipt of any further benefits. *Id*. at 3.

The appellant filed an appeal with the Board, and the administrative judge issued an initial decision affirming OPM's decision. *Id*. at 8. The appellant filed a petition for review, which the Board denied in a final order. *Casimier v. Office*

*of Personnel Management*, MSPB Docket No. DA-831E-04-0459-I-1, Final Order (Sept. 21, 2005).  He sought further review from the U.S. Court of Appeals for the Federal Circuit, which affirmed the Board's decision.  *Casimier v. Office of Personnel Management*, 205 F. App'x 839 (Fed. Cir. 2006).

It appears that, despite the outcome of his prior appeal, the appellant continued to assert to OPM that he was entitled to CSRS annuity benefits. Initial Appeal File (IAF), Tab 6 at 5.  In April 2019, OPM issued a final decision finding that the appellant was ineligible to receive CSRS annuity benefits because he applied for and received a refund of his retirement contributions in 2003 and he was ineligible to make a redeposit of the refund because he was not currently employed by the Federal Government.  IAF, Tab 1 at 2-3.  The appellant subsequently filed this Board appeal challenging OPM's reconsideration decision. *Id*. at 10, 12, 15.  During the course of the appeal, OPM stated that it rescinded its April 2019 decision and moved to dismiss the appeal for lack of jurisdiction or as barred by res judicata and/or collateral estoppel.  IAF, Tab 6 at 5-7.  The appellant did not respond.  The administrative judge issued an initial decision dismissing the appeal as barred by the doctrine of res judicata.  IAF, Tab 7, Initial Decision (0460 ID) at 3-4.

The appellant has filed a petition for review of the initial decision.[2] Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition, to which the appellant has replied.  PFR File, Tabs 4-5.

---

[2] The appellant submits with his petition for review a July 3, 2000 Decision and Order of the U.S. Department of Labor's Employees' Compensation Appeals Board. PFR File, Tab 1 at 5-10.  We have not considered the July 3, 2000 Decision and Order because it is not new.  IAF, Tab 1 at 4-9; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new).  For the first time on review, the appellant also submits his February 12, 1998 application for immediate retirement.  PFR File, Tab 1 at 11-13. The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant has not made this showing.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The Board has jurisdiction over this appeal.

The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the CSRS only after OPM has issued a final decision, also known as a reconsideration decision. 5 U.S.C. § 8347(d); *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008); 5 C.F.R. § 831.110. Once OPM completely rescinds a reconsideration decision, the Board no longer retains jurisdiction over the appeal in which that reconsideration decision is at issue. *Morin*, 107 M.S.P.R. 534, ¶ 8.

Here, as previously noted, OPM stated that it rescinded its April 2019 final decision. IAF, Tab 6 at 7. However, the administrative judge did not address the issue of whether OPM's rescission of this decision divested the Board of jurisdiction over the appeal. Res judicata is a basis to dismiss an appeal over which the Board has jurisdiction. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003). Thus, as an initial matter, we must decide whether the Board has jurisdiction over this appeal. *See Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012) (stating that the issue of jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a proceeding).

In its motion to dismiss, OPM stated that it rescinded its April 2019 decision because the issue of the appellant's eligibility for an annuity was determined in the prior Board appeal. IAF, Tab 6 at 7. When, as here, it is apparent that OPM does not intend to issue a new reconsideration decision that addresses the merits of the appellant's application to receive CSRS annuity benefits, the Board retains jurisdiction to adjudicate the OPM rescission pleading as the final appealable decision. *See Morin*, 107 M.S.P.R. 534, ¶ 9; *Luzi v. Office of Personnel Management*, 106 M.S.P.R. 160, ¶ 9 (2007). Thus, we modify the initial decision to clarify that the Board has jurisdiction over this appeal.

<u>The administrative judge correctly found that res judicata bars this appeal.</u>

Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Navarro v. Office of Personnel Management*, 105 M.S.P.R. 278, ¶ 4, *aff'd*, 252 F. App'x 316 (Fed. Cir. 2007); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if the following requirements are met: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Navarro*, 105 M.S.P.R. 278, ¶ 4, *Peartree*, 66 M.S.P.R. at 337. The same cause of action means the same set of facts which gives an appellant a right to seek relief from the agency. *Navarro*, 105 M.S.P.R. 278, ¶ 4.

The appellant asserts that his prior appeal was based not on his removal but on whether he was injured on the job in 1988. PFR File, Tab 1 at 1. The appellant's argument does not provide a basis for disturbing the initial decision. The prior appeal, *Casimier v. Office of Personnel Management*, MSPB Docket No. DA-831E-04-0459-I-1, and the current appeal involve the same cause of action regarding his entitlement to CSRS annuity benefits. The first criterion for res judicata is satisfied because the Board had jurisdiction to decide the prior appeal under 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110. 0459 ID at 1. The second criterion for res judicata is satisfied because the Board issued a final decision on the merits regarding the appellant's prior appeal. Finally, the third criterion is satisfied because, as explained above, the same cause of action and the same parties were involved in both cases. For these reasons, we agree with the administrative judge that this appeal is barred by the doctrine of res judicata. 0460 ID at 3.

For the first time on review, the appellant asserts that he was given poor advice that he should retire after 30 years of service and that he needed not respond to the agency's motion to dismiss. PFR File, Tab 1 at 2-3. The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made this showing.

Thus, we affirm the initial decision, as modified herein.

### NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.