NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYLVESTER CASIMIER, JR.,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-2251

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-19-0460-I-1.

---

Decided: May 9, 2025

---

SYLVESTER CASIMIER, JR., Midland, GA, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before PROST, TARANTO, and STARK, *Circuit Judges*.

PER CURIAM.

Sylvester Casimier, Jr., petitions for review of a Merit Systems Protection Board ("MSPB") order dismissing his appeal as barred by the doctrine of res judicata. *Casimier v. OPM*, No. AT-0831-19-0460-I-1, 2024 WL 3069170 (M.S.P.B. June 18, 2024) ("*2024 Final Order*"). For the reasons below, we affirm.

BACKGROUND

Mr. Casimier was an employee of the U.S. Postal Service until his removal in March 1997 for absence without official leave. In 1998, Mr. Casimier appealed his removal to the MSPB, arguing that he was "medically unable to work more than four hours per day." *Casimier v. USPS*, 194 F.3d 1330, at *1 (Fed. Cir. 1999) (Table). The MSPB upheld his removal because it found conflicting medical opinions in the record on this point and ultimately found the opinions of the doctors that said Mr. Casimier could work full days more persuasive. *Id.* We affirmed the MSPB's decision. *Id.* at *2.

In 2003, Mr. Casimier applied for and received a refund of his Civil Service Retirement System ("CSRS") retirement contributions. Thereafter, in December 2003, Mr. Casimier filed an application for disability retirement under CSRS. That application was denied by OPM because, among other reasons, Mr. Casimier had applied for and received a refund of his retirement contributions. Therefore, Mr. Casimier was not entitled to further benefits under CSRS. The MSPB denied Mr. Casimier's petition for review, and we affirmed the MSPB's denial. *See Casimier v. OPM*, 205 F. App'x 839, 840 (Fed. Cir. 2006).

In 2018, Mr. Casimier filed another application for retirement benefits with OPM. In April 2019, OPM again denied the application because Mr. Casimier had applied for and received his retirement contributions in 2003. Mr. Casimier again filed a petition for review by the MSPB. "During the course of the appeal, OPM stated that it rescinded its April 2019 decision and moved to dismiss the

appeal for lack of jurisdiction or as barred by res judicata and/or collateral estoppel." *2024 Final Order*, 2024 WL 3069170, at *1. In its initial decision, the MSPB administrative judge agreed and dismissed the appeal as barred by res judicata. *Id.* Mr. Casimier petitioned the MSPB for review of this initial decision. In a final order, the MSPB affirmed the dismissal of the appeal based on res judicata. *Id.* at *3.

Mr. Casimier timely petitioned this court for review, and we have jurisdiction to review the MSPB's *2024 Final Order* under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Casimier argues that the MSPB's decision was not in accordance with law and unsupported by substantial evidence under two possible theories: (1) that he was injured on the job which means he was wrongfully terminated, *see* Pet'r's Informal Br. 2–3, and (2) that he was wrongfully denied entitlement to CSRS benefits based on injuries suffered on the job prior to his removal, *2024 Final Order*, 2024 WL 3069170, at *3.

As to Mr. Casimier's first theory, that question relates to an appeal that is not properly before us. Mr. Casimier's argument is effectively a request to re-review the U.S. Postal Service *removal* decision from 1997. We already reviewed and affirmed that decision more than two decades ago in 1999. *See Casimier*, 194 F.3d 1330 (Table). Mr. Casimier has not demonstrated how we would have authority to re-review that decision in this case. To the extent Mr. Casimier argues that his allegedly wrongful termination

somehow relates to his current appeal, that argument is barred by res judicata for the same reasons as his second theory as described below.

"Claim preclusion prevents parties from litigating issues that *could have been raised* in a prior action." *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005) (emphasis added).[1] "[R]es judicata applies if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Id.*

Mr. Casimier does not dispute that the MSPB and Federal Circuit had jurisdiction over his prior petitions for review, that the resulting prior decisions are final, and that the same parties were involved in both cases. *See Casimier*, 205 F. App'x 839; *2024 Final Order*, 2024 WL 3069170, at *3; Pet'r's Informal Br. 2–3. As to the same cause of action, both OPM and the MSPB identified the cause of action as an entitlement to CSRS annuity benefits. *See* Resp't's Informal Br. 7; *2024 Final Order*, 2024 WL 3069170, at *3. We agree the cause of action in this case relates to Mr. Casimier's eligibility for CSRS benefits given that OPM, the MSPB administrative judge, and the full MSPB understood his claim as such. *See* S.App'x.[2] 12; *2024 Final Order*, 2024 WL 3069170, at *3. And Mr. Casimier does not appear to dispute this point either. *See* Pet'r's Informal Br. 3 (arguing that res judicata should not apply "even if it involves the same c[au]se [of action]").

---

[1]    Res judicata is also known as "claim preclusion" in circumstances like those raised here. *See Carson*, 398 F.3d at 1375.

[2]    "S.App'x." refers to the supplemental appendix included with Respondent's brief.

Instead, Mr. Casimier asks us to reject the application of res judicata because a July 2000 decision provides "new evidence" supporting his appeal. Specifically, Mr. Casimier argues "res judicat[a] does not bar a suit even if it involves the same c[au]se as alleged earlier as long as the suit alleges new fact." Pet'r's Informal Br. 3 (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955)). This is incorrect. Rather, as explained in *Lawlor*, the Court found that *new violations* after a first judgment were not barred by res judicata in a second judgment because they constituted new causes of action. *See Lawlor*, 349 U.S. at 327–28. That is not the case here. Whether complaining about a wrongful termination action or denial of CSRS benefits, the July 2000 decision does not constitute a *new violation* by the U.S. Postal Service or OPM. Rather, at best, Mr. Casimier presents a new theory or argument not raised in his previous appeals to recover under the same cause of action previously adjudicated. But those are the types of issues that are barred by res judicata.

## CONCLUSION

We have considered Mr. Casimier's remaining arguments and find them unpersuasive. For the reasons above, we affirm the MSPB's dismissal of Mr. Casimier's petition for review based on res judicata.

## **AFFIRMED**

### COSTS

No costs.